## THOMAS McLAUGHLIN'S CASE.

Under the Gen. Sts. *c.* 168, § 8, which provides that, if an offence is punishable by imprisonment in the state prison for five years or more, an attempt to commit it shall be punished by imprisonment in the state prison not exceeding five years or in the jail not exceeding one year, and that, if an offence is punishable by imprisonment in the state prison for a term less than five years or by imprisonment in the jail or by fine, an attempt to commit it shall be punished by imprisonment in the jail not exceeding one year or by fine not exceeding three hundred dollars, a person convicted of attempting to commit an offence punishable by imprisonment not exceeding five years in the state prison may be sentenced to imprisonment in the state prison, although the offence is also punishable by fine or imprisonment in jail.

HABEAS CORPUS to the warden of the state prison, upon the petition of a prisoner there confined. Hearing in Suffolk, before the chief justice, who reserved the case for the determination of the full court. The facts are stated in the opinion.

*S. B. Ives, Jr.,* for the petitioner.

*J. C. Davis,* Assistant Attorney General, (*C. Allen,* Attorney General, with him,) for the Commonwealth.

BY THE COURT. The petitioner has been convicted of an attempt maliciously to poison a horse contrary to the Gen. Sts. *c.* 161, § 80, and *c.* 168, § 8.* He has been sentenced to two years' imprisonment in the state prison, and it is alleged that this sentence is illegal. The penalty for the offence of poisoning a horse is imprisonment in the state prison not exceeding five years, or a fine not exceeding one thousand dollars and imprisonment in the jail not exceeding one year.

Section 8 of chapter 168, prescribing the punishment for an attempt to commit an offence, has three clauses. The first clause relates to an attempt to commit an offence punishable with death.

---

\* See 105 Mass. 460.

The second clause, upon which the sentence in this case was founded, is as follows: " If the offence so attempted to be committed is punishable by imprisonment in the state prison for life, or for five years or more, the person convicted of such attempt shall be punished by imprisonment in the state prison not exceed ing five years, or in the jail not exceeding one year."

The petitioner's counsel contends that the sentence ought to have been under the third clause, which is as follows: " If the offence attempted to be committed is punishable by imprisonment in the state prison for a term less than five years, or by imprison ment in the jail or by fine, the offender convicted of such at tempt shall be punished by imprisonment in the jail not exceed ing one year, or by fine not exceeding three hundred dollars; but in no case shall the punishment by imprisonment exceed one half of the greatest punishment which might have been inflicted if the offence attempted had been committed."

It is true, as he alleges, that the punishment for the completed offence of poisoning a horse may be by imprisonment in the state prison for a term less than five years, or by a fine and imprison ment in the jail. He contends that the statute is to be construed *in favorem libertatis ;* and that, as the completed offence may be punished by fine and imprisonment in the jail merely, the at tempt should not be construed to be a felony, and punishable by imprisonment in the state prison in any case.

But we do not think the sections quoted above will bear this construction. The completed offence is punishable by imprison ment in the state prison for five years ; and this makes the second clause, relating to the attempt to commit it, applicable to the case. The third clause is limited in its application to cases where the extreme punishment for the completed offence is by impris onment in the state prison for a term less than five years.

*Prisoner remanded.*